Samuel W. Lens v. Commissioner.
Samuel W. Lens v. Commissioner
Docket No. 33984.
United States Tax Court
1953 Tax Ct. Memo LEXIS 201; 12 T.C.M. (CCH) 708; T.C.M. (RIA) 53221; June 22, 1953
*201 Samuel W. Lens, pro se. Charles J. Hickey, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion This proceeding involves a deficiency in income tax for the calendar year 1947 in the amount of $585.36. The issue involved is the amount which the petitioner is entitled to deduct for travel expenses, entertainment, and miscellaneous business expenses in the taxable year 1947. Findings of Fact The petitioner, an individual residing in Philadelphia, Pennsylvania, during the taxable year involved, filed his return with the collector of internal revenue for the first district of Pennsylvania. During the taxable year in question the petitioner was employed as a liquor salesman on a straight commission basis. His territory consisted of the southern portion of New Jersey. The petitioner was required to pay all of his expenses. He traveled by automobile, using a 1941 Cadillac car. The petitioner did not keep any complete record of his daily travel and other business expenses. He traveled five days a week. On his return for 1947 the petitioner reported a gross income of $9,650.47, consisting of commissions. He claimed deductions of $4,417.90, [1] *202 which he itemized as follows: Hotel expense: 46 weeks at $22 per week
$1,012.00
6 weeks at $25 per week
150.00
$1,162.00
Automobile expense: Gasoline
558.90
Oil
171.50
Repairs
575.00
Tires
110.00
Garage
240.00
Insurance
90.00
License
25.00
Depreciation
315.00
2,085.40
Meals: 15 meals per week for 52 weeks at
$1.50
1,170.00
Total
$4,417.40 The petitioner also claimed the sum of $780 for entertainment and other miscellaneous expenses. In determining his deficiency the respondent allowed as deductions the amount of $2,208.95 for travel expenses and the amount of $390 for entertainment and other miscellaneous expenses. The allowances were 50 per cent of the respective amounts claimed by the petitioner. The amount of petitioner's travel expenses deductible in the taxable year was $3,225. Opinion LEMIRE, Judge: The petitioner appeared and testified at the hearing but has not filed any brief. While the petitioner kept no books and no detailed account of his expenditures in the pursuit of his business he has offered in evidence certain vouchers. From his testimony and the receipted bills *203 we are able to determine the approximate amount of such expenditures, which, under the rationale of the case of Cohan v. Commissioner, 39 Fed. (2d) 540, we have found to be in the total sum of $3,225, computed as follows: Items of Expense
Amount
Food and lodging
$2,080
Gasoline
460
Oil
75
Repairs
235
Tires
110
Garage
150
Insurance
90
License
25
Depreciation
Total
$3,225 While the above items which are allowed in full were not supported by vouchers, the amounts claimed appear to us to be reasonable and in line with what experience indicates to be the normal cost for expenditures of such character. The amounts allowed with respect to the other expenses are based upon our estimate, after careful consideration of the oral testimony of the petitioner and the information which the vouchers in evidence disclose. The amount claimed as depreciation is disallowed in full for failure of proof. The car used by petitioner was a 1941 Cadillac. There is no evidence as to the cost of the car nor the amount of depreciation claimed and allowed in prior years. Since the average useful life of a passenger automobile used for business purposes is five years, *204 it is reasonable to assume the cost has been fully depreciated prior to the taxable year. At least the burden was upon the petitioner to show otherwise. The record discloses that the amount of $780, claimed as a deduction for entertainment and other miscellaneous expenses, except for the amount of $60, representing union dues, was based on pure estimate. The oral testimony in support of such expenditures is very meager. Upon this record, we think, the respondent's allowance of 50 per cent, or $390, is liberal and such determination is sustained. We hold that the petitioner is entitled to deduct in the taxable year 1947 the amount of $3,225, as travel expenses incurred and paid in such year, under section 23 (a) (1) (A) of the Internal Revenue Code. Decision will be entered under Rule 50. Footnotes
1. Amount overstated by 50 cents.↩